**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000370**
**24-MAR-2022**
**07:49 AM**
**Dkt. 39 SO**

NO. CAAP-18-0000370

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH
MORGAGE LOAN TRUST 2006-11, Plaintiff-Appellee,
v.
WILLIAM GASPAR and JOYAL K. GASPAR, Defendants-Appellants,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS
1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC13100476K)


**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Self-represented Defendants-Appellants William Gaspar
and Joyal K. Gaspar (collectively, the **Gaspars**) appeal from the
**Final Judgment** in favor of Plaintiff-Appellee Deutsche **Bank**
National Trust Company entered by the Circuit Court of the Third
Circuit on April 3, 2018.[1]  For the reasons explained below, we
conclude there was a valid settlement between the Gaspars and
Bank, and affirm the Final Judgment.

Bank filed a complaint for foreclosure against the
Gaspars on July 23, 2013.  The complaint alleged that: the
Gaspars executed a promissory **Note** to Washington Mutual Bank on

_____

[1]     The Honorable Melvin H. Fujino presided.

October 11, 2006; the Note was secured by a **Mortgage** on real **Property** located on the island of Hawaiʻi; the Mortgage was assigned to Bank, which was the holder of the Note; the Gaspars defaulted on the Note. Bank sought to foreclose on the Mortgage. The Gaspars (representing themselves) answered the complaint on September 5, 2013.

The circuit court entered its "Order Setting Trial Date and Pretrial Deadlines" on December 9, 2014. Trial was set for May 15, 2015. A settlement conference was set for April 15, 2015.

Bank filed a motion for summary judgment and decree of foreclosure on March 25, 2015. The motion was set for hearing on May 1, 2015.

The circuit court conducted the settlement conference on April 15, 2015. In attendance were the Gaspars and Bank's attorney and representative. The circuit court minutes state there was a "[s]ettlement placed on record" at 6:30 p.m.[2] The transcript of the settlement conference was not requested by the Gaspars under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 10(b)(1), and is not part of the record on appeal. However, the circuit court minutes state:

> [The Gaspars] understand the agreement; no one is forcing them to enter into the agreement; they understands [sic] everything stated.

On April 17, 2015, the Gaspars signed the "Stipulated Findings of Fact, Conclusions of Law, Order Granting [Bank]'s [motion for summary] Judgment Against All Parties and for Interlocutory Decree of Foreclosure" (**Stipulation & Judgment**). Bank signed the Stipulation & Judgment on April 30, 2015. The Stipulation & Judgment was filed on June 8, 2015.[3]

---

[2] The minutes note that the circuit court "thanked parties for staying late and coming to an agreement[.]"

[3] Also on June 8, 2015, a notice of entry of judgment was entered by the circuit court clerk pursuant to Rule 77(d) of the Hawaiʻi Rules of Civil
(continued...)

On June 19, 2015, the circuit court entered the **"Order Sua Sponte** Correcting the Stipulated Findings of Fact, Conclusions of Law, Order Granting [Bank]'s Judgment Against All Parties and for Interlocutory Decree of Foreclosure, Filed June 8, 2015[.]"  The Order inserted the name of the commissioner, because the circuit court "failed to appoint a commissioner in paragraph four (4) of the [Stipulation & Judgment] prior to the filing of the Stipulation [& Judgment][.]" There were no other changes to the Stipulation & Judgment.

The commissioner filed a report on January 27, 2016. Bank was the sole bidder at the foreclosure auction.

Bank filed a motion to confirm the sale to Bank on October 11, 2017.  The Gaspars opposed the motion.  The circuit court denied Bank's motion on December 28, 2017.  The circuit court directed the commissioner to schedule a further auction of the Property.

The commissioner filed a report on the continued auction on January 23, 2018.  The commissioner published notice of the auction three times, but Bank was again the only bidder.

Bank filed a second motion for confirmation of sale on February 9, 2018.  The Gaspars again opposed the motion.  The circuit court confirmed the sale by order entered on April 3, 2018.  Also on April 3, 2018, the circuit court entered the Final Judgment and a writ of ejectment.  This appeal followed.

The Gaspars contend the circuit court erred by granting Bank's motion for summary judgment and decree of foreclosure.

In response, Bank contends that the Gaspars agreed to settle the foreclosure lawsuit by signing the Stipulation & Judgment.

---

[3](...continued)
Procedure (**HRCP**).  The Stipulation & Judgment recites: "As there is no just reason for delay, this Court expressly directs that a final judgment shall be entered as to [Bank]'s Complaint for Foreclosure."  However, the record on appeal contains no separate judgment under HRCP Rule 58 entered on June 8, 2015.  The April 3, 2018 Final Judgment is the only judgment in the record.

In reply,[4] the Gaspars admit that they "promptly signed the [Stipulation & Judgment] dated April 17, 2015 and submitted to" [Bank]. They argued: they refused to sign a separate settlement agreement prepared by Bank; "[t]here is no record filed by the [Bank] evidencing a settlement agreement has been reached"; and "[n]o settlement agreement equates to no binding contract."

The Gaspars agree they signed the Stipulation & Judgment, but contend the Stipulation & Judgment is not a settlement agreement. The issue presented by this appeal is whether the Stipulation & Judgment was a settlement agreement. "[T]he enforceability of a settlement agreement is a conclusion of law reviewable de novo." Assocs. Fin. Servs. Co. of Hawaiʻi v. Mijo, 87 Hawaiʻi 19, 28, 950 P.2d 1219, 1228 (1998) (citation omitted).

"To determine the validity of [a] settlement agreement, the court looks to the totality of the circumstances surrounding the making of the agreement." Mijo, 87 Hawaiʻi at 29, 950 P.2d at 1229 (citations omitted).

> Where the evidence in the record shows that all the **_essential elements of a contract_** are present, a compromise agreement among the parties in litigation may be approved by the court and cannot be set aside except on the grounds that would justify rescission. Generally, in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it.
>
> However, since very important rights are at stake in most cases, appellate courts must strive to ensure that the purported compromise agreement sought to be enforced is truly an agreement of the parties.

Id. at 28–29, 950 P.2d at 1228–29 (bold italics added) (citation and original italics omitted). "[T]he essential elements of a contract [are]: (1) capacity to enter the contract, (2) offer,

---

[4] The appendix to the Reply Brief contains documents that are not part of the record, and therefore cannot be considered by us in this appeal. See HRAP Rule 28(b)(10) ("Anything that is not part of the record shall not be appended to the brief[.]").

(3) acceptance, and (4) consideration." <u>Calipjo v. Purdy</u>, 144 Hawaiʻi 266, 280, 439 P.3d 218, 232 (2019).

The Gaspars and Bank were the parties to the lawsuit. The Gaspars and Bank signed the Stipulation & Judgment; the following facts recited in the Stipulation & Judgment are binding on them:

> 3.    [The Gaspars], for value received, duly made, executed and delivered to Washington Mutual Bank, a promissory note ("Note") dated October 11, 2006, in the principal amount of $688,800.00. . . .
>
> 4.    For the purpose of securing payment on the Note, [the Gaspars], as mortgagors, duly made, executed and delivered a mortgage ("Mortgage") encumbering the Property to Washington Mutual Bank ("Mortgagee"). . . .
>
> 5.    [Bank] is the current holder of the Note and Mortgage[.]

Being the parties to the lawsuit below, the Gaspars and Bank had the capacity to contract to settle the lawsuit.

The record on appeal does not indicate which party made and accepted which offers but again, because the Gaspars and Bank signed the Stipulation & Judgment, there was agreement on the following terms:

> 10.   . . . [Bank] is entitled to the foreclosure of its Mortgage and to have the Property sold as requested, in accordance with the terms of the Mortgage.
>
> . . . .
>
> 16.   [The Gaspars] shall be entitled to remain in the Property until October 20, 2015, after which time [the Gaspars] shall vacate the Property, removing personal property and not removing any fixutres [sic].
>
> . . . .
>
> A.    . . . [P]ursuant to the agreement of the parties, So [sic] long as [the Gaspars] comply with the terms of this agreement and leave the Property vacant, intact, and in broom-swept condition by October 20, 2015, no further payment by [the Gaspars] shall be required.
>
> . . . .
>
> 3.    The Mortgage currently held by [Bank] shall be and is hereby foreclosed as requested, and the property subject to the Mortgage shall be sold at a public auction,

5

> without an upset price, as authorized by law and under the provisions of the Mortgage.
>
> . . . .
>
> 12. The purchaser at the foreclosure auction shall not disturb [the Gaspars'] right to remain on the Property until October 20, 2015 or such earlier date that [the Gaspars] notify [Bank] that the property has been vacated and left in broom-swept condition.

Consideration is "a bargained for exchange whereby the promisor receives some benefit or the promisee suffers a detriment." Calipjo, 144 Hawaiʻi at 280-81, 439 P.3d at 232-33 (citations omitted). By signing the Stipulation & Judgment, the Gaspars agreed they owed Bank $1,066,867.41 as of March 31, 2015. Bank agreed to limit its recovery to the amount generated at the foreclosure auction. Bank — the only bidder — submitted a credit bid for $427,500, which was approved by the circuit court. Bank waived its right to a deficiency judgment as part of the settlement; but for the Stipulation & Judgment, the Gaspars would have owed the bank an additional ($1,066,867.41 - $427,500 =) $639,367.41. See HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 464 P.3d 821 (2020), cert. denied, 141 S. Ct. 1059 (Mem.), 208 L. Ed. 2d 525 (Jan. 11, 2021) (explaining deficiency judgment calculation). On this record, we conclude there was an exchange of consideration for the settlement.

The Gaspars argue there was no settlement because they refused to sign a separate settlement agreement prepared by Bank. But the Gaspars signed the Stipulation & Judgment, which contained all of the material terms of a settlement. No separate writing was necessary.

The Gaspars argue, "[t]here is no record filed by the [Bank] evidencing a settlement agreement has been reached"; and "[n]o settlement agreement equates to no binding contract." The Stipulation & Judgment evidences the settlement that was reached, and is the settlement agreement.

Based upon the foregoing, the Final Judgment entered by the circuit court on April 3, 2018, is affirmed.

DATED:  Honolulu, Hawaiʻi, March 24, 2022.

On the briefs:

William Gaspar and Joyal
Gaspar, Self-represented
Defendants-Appellants.

Lansen H. G. Leu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge